### ED HAWKINS v. THE STATE.

#### No. 3899. Decided December 12, 1908.

**Local Option—Sufficiency of Evidence—Prescription—Subterfuge—Sale.**

Where upon trial of a violation of the local option law the defendant had secured a prescription for whisky for his own personal use, and procured whisky for another for pay on same, he was guilty of a sale of whisky, although the party receiving the whisky acted for another; the whole transaction being but a subterfuge.

Appeal from the County Court of Smith. Tried below before the Hon. J. A. Bulloch.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $25 and twenty days confinement in the county jail.

The opinion states the case.

*B. B. Beaird,* for appellant.—On question of sale: Hood v. State, 35 Texas Crim. Rep., 585; 34 S. W. Rep., 935; Wright v. State, 35 Texas Crim. Rep., 581; 34 S. W. Rep., 935; Thompson v. State,

34 S. W. Rep., 937; Vanarsdale v. State, 35 Texas Crim. Rep., 587; 34 S. W. Rep., 931.

*F. J. McCord,* Assistant Attorney-General, and *Roy Butler,* County Attorney, for the State.—On question of sale: Ashley v. State, 80 S. W. Rep., 1015.

BROOKS, JUDGE.—Appellant was convicted of violating the local option law.

The only question we deem necessary to pass upon is the sufficiency of the facts, which are as follows: On the 22d day of June, 1907, one Ware approached Isaac Allen, gave him a dollar and told him to get him some whisky. Isaac Allen went to the appellant and told him he wanted to get some whisky, not telling for whom he wanted it. Appellant told him that he had secured a prescription that morning from a doctor and he would see if he could get it. Allen gave him the dollar; Hawkins went in the prescription house, and on the face of the prescription that he had secured, bought a pint of whisky for which he said he paid sixty-five cents; brought the whisky back and delivered it to Allen; Allen says he handed him two bits; the defendant claims he said he gave him two bits and a dime. Allen went and delivered the whisky to Ware. We think these facts constitute a sale on the part of appellant

The Assistant Attorney-General presents the following pertinent suggestions: Now the question presented here is this, can a man who has secured a prescription for whisky for his own personal use, on the ground that he is sick use that prescription which is strictly personal to secure whisky for others? or, stated in another way, if he does do that, does that not make him a vendor of intoxicating liquors? The State insists that it does. He was not the agent for Allen; he was not the agent for the prescription house for he was using the power that was exclusively personal to aid another in securing whisky. If this was not procuring whisky by a subterfuge, we can not conceive how the mind could invent a scheme with all the coloring of the subterfuge by any one. To hold that this man was the agent of Allen and that this was not a sale by Hawkins, would throw open wide the door of fraud and deception and would give a man who had procured the right to get whisky by reason of being sick the opportunity to become the vendor of whisky in a community. The prescription was a valuable right belonging to the defendant which he had received for a valuable consideration. Whenever he proposes to use that right belonging to himself to aid another party to secure whisky, which he could not otherwise do, he does not become the agent of that party, but acts for himself; and it is wholly immaterial in this case whether there was profit in that or not." We think these suggestions pertinently answer appellant's

contention that the evidence is insufficient, since it constitutes a base subterfuge on the part of appellant and shows that he made the sale in violation of the local option law.

The judgment is in all things affirmed.

*Affirmed.*